Pearson, C. J.
 

 It being admitted that the defendant, about 2 o;clock at night had shot a negro, who was running froms him, the fact, that about two hours afterwards, and within three quarters of a mile from the place, a negro of the plaintiff was found, who had been recently badly injured with a gun-shot wound in the back part of his leg, as it seems to us, raised a
 
 violent presumption
 
 on which the jury ought to have acted, in the absence of any evidence
 
 to
 
 weaken or rebut it, that this was the negro who liad been shot by the- defendant; and we at first inclined to the opinion, that the exception of the plaintiff, because of ¡lie rejection of the negative evidence, which he wished to offer, could not be sustained, on the ground that it was uncalled for, and had no bearing on the matter at issue. But the question presented a different view when our attention was called to the fact, that the jury had, by a verdict, which his Honor permitted to-stand, refused to draw the inference from the facts above stated, that the defendant had shot the negro of the plaintiff.
 

 The inference was susceptible of being weakened by positive proof; as if the defendant had proved that just after he shot, another negro was found injured by a gun-shot wound at the place where he shot, or in the swamp-, which was not far off; so, it was susceptible of being strengthened by negative proof, as that upon search being made no wounded negro was founcj near the place, or in the swamp. Proof to this effect was received, and the question is, was it not admissible to carry it farther by asking the witnesses, if they knew that any other negro had been shot in that neighborhood on that night; and, if they did not know it, “had they heard that any other person was shot in that neighborhood on that night.” Ve are satisfied that negative proof of this kind was calcula
 
 *353
 
 tec! to make a jury adopt the inference more readily. Upon what ground, therefore, was it proper to reject it.
 

 The defendant’s counsel insisted that it was properly rejected, because it is a species of hearsay or second-hand evidence ?
 

 That position is not true. The fact that the witness did not know of any other person having been shot in that neighborhood on that night — that there was no rumor to that effect, and that the witness had not
 
 heard
 
 of any other person’s having been shot on that night, was certainly primary, and not secondary, evidence ; for the point was, had he heard of any such occurrence, and not whether, wbat he' may have- heard was true or untrue. By way of explanation: Suppose the
 
 defendant
 
 had asked a witness, “ did you no.t hear A say that his negro was shot on that night?” This would be excluded as hearsay or secondary evidence; for the object being-to prove, not merely that. A had said so, but that in point of fact, the negro of A was shot, so as to weaken the inference, that the negro, who was shot by the defendant, was the plaintiff ’s negro. The testimony of A would be required as the primary evidence of the truth of the fact, and what the witness had heard A say, would be but hearsay or second-hand evidence. For,, like the copy of a deed, it pre-snpposes that better evidence exists, and the failure to introduce it, casts a suspicion upon that whereto it is offered as a substitute. Butin our case, the question, whether there was any rumor, or whether the witness had heard that another person had been shot on that night, so far from pre-snpposing that better evidence of the fact existed, assumes, that such wasnotthe fact, and of course, there could be no evidence of it — the object of the evidence being, simply, to aid the inference that the negro, who was shot by the defendant, was the plaintiff’s negro — by excluding even a conjecture, that it was some other negro, by the substantive and primary fact, that the witness had not hoard that any other person had been shot on that night; which it liad a tendency to do : in the same way as the fact, that upon search being made no other negro was found near the place
 
 *354
 
 or in the swamp. As a parallel case, the fact, that a resident of a town did not know of, and had not heard of any smallpox in that town, would be primary, and in our opinion, admissible evidence, to support a negative allegation that the small-pox did not prevail in that town.
 

 "We are satisfied that the evidence ought not to have been rejected on the ground of its being hearsay or second-hand, and as no other ground was suggested by the learned counsel, and no authority was cited to show that it was inadmissible, we are of opinion that it ought to have been admitted. There must be a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.